## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHAD M.,[1]<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,[2]<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 3:21-cv-00268-TMB |

## **DECISION AND ORDER**

On or about April 2, 2019, Chad M. ("Plaintiff") protectively filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act")[3] alleging disability beginning November 1, 2018.[4] Plaintiff

---

[1] Plaintiff's name is partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[3] Title II of the Social Security Act provides benefits to disabled individuals who are insured by virtue of working and paying Federal Insurance Contributions Act (FICA) taxes for a certain amount of time. Title XVI of the Social Security Act is a needs-based program funded by general tax revenues designed to help disabled individuals who have low or no income. Plaintiff brought claims under Titles II and XVI. Although each program is governed by a separate set of regulations, the regulations governing disability determinations are substantially the same for both programs. *Compare* 20 C.F.R. §§ 404.1501–1599 (governing disability determinations under Title II) *with* 20 C.F.R. §§ 416.901–999d (governing disability determinations under Title XVI). For convenience, the Court cites the regulations governing disability determinations under both titles.

[4] Administrative Record ("A.R.") 514, 516. The application summary, not the application itself, appears in the Court's record.

has exhausted his administrative remedies and filed a Complaint seeking relief from this Court.[5] Plaintiff's Opening Brief asks the Court to reverse and remand the agency's decision for an award of benefits, or in the alternative, for further administrative proceedings.[6] The Commissioner filed an Answer and Response Brief.[7] Plaintiff filed a Reply Brief.[8]

Oral argument was not requested and was not necessary to the Court's decision. This Court has jurisdiction to hear an appeal from a final decision of the Commissioner of Social Security.[9] For the reasons set forth below, Plaintiff's request for relief is denied.

## I. STANDARD OF REVIEW

A decision by the Commissioner to deny disability benefits will not be overturned unless it is either not supported by substantial evidence or is based upon legal error.[10] "Substantial evidence" has been defined by the United States Supreme Court as "such relevant evidence as a reasonable mind might accept as

---

[5] Docket 1 (Plaintiff's Compl.).

[6] Docket 12 (Plaintiff's Mot.); Docket 13 (Plaintiff's Br.).

[7] Docket 10 (Answer); Docket 16 (Commissioner's Br.).

[8] Docket 17 (Reply).

[9] 42 U.S.C. § 405(g).

[10] *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).

adequate to support a conclusion."[11] Such evidence must be "more than a mere scintilla," but may be "less than a preponderance."[12] In reviewing the agency's determination, the Court considers the evidence in its entirety, weighing both the evidence that supports and that which detracts from the administrative law judge ("ALJ")'s conclusion.[13] If the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.[14] A reviewing court may only consider the reasons provided by the ALJ in the disability determination and "may not affirm the ALJ on a ground upon which he did not rely."[15] An ALJ's decision will not be reversed if it is based on "harmless error," meaning that the error "is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity."[16] Finally, the ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests

---

[11] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)).

[12] *Id.*; *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[13] *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

[14] *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citing *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[15] *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

[16] *Brown-Hunter v. Colvin,* 806 F.3d 487, 492 (9th Cir. 2015) (internal quotations and citations omitted).

are considered."[17] This duty exists "even when a claimant is represented by counsel."[18]

## II. DETERMINING DISABILITY

The Social Security Act ("the Act") provides for the payment of disability insurance to individuals who have contributed to the Social Security program and who suffer from a physical or mental disability.[19] In addition, Supplemental Security Income ("SSI") may be available to individuals who do not have insured status under the Act but who are age 65 or older, blind, or disabled.[20] Disability is defined in the Act as follows:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.[21]

The Act further provides:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of

---

[17] *Smolen v. Chater,* 80 F.3d 1273,1288 (9th Cir. 1996) (quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983)); *superseded in part by statute on other grounds*, 20 C.F.R. § 416.929(c)(3). *See also Garcia v. Comm'r of Soc. Sec.,* 768 F.3d 925, 930 (9th Cir. 2014).

[18] *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001).

[19] 42 U.S.C. § 423(a).

[20] 42 U.S.C. § 1381a.

[21] 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.[22]

The Commissioner has established a five-step process for determining disability within the meaning of the Act.[23] A claimant bears the burden of proof at steps one through four in order to make a prima facie showing of disability.[24] If a claimant establishes a prima facie case, the burden of proof then shifts to the agency at step five.[25] The Commissioner can meet this burden in two ways: "(a) by the testimony of a vocational expert, *or* (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."[26]

---

[22] 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

[23] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[24] *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1096 n.1 (9th Cir. 2014) (quoting *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007)); s*ee also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

[25] *Treichler*, 775 F.3d at 1096 n.1; *Tackett*, 180 F.3d at 1098 (emphasis in original).

[26] *Tackett*, 180 F.3d at 1101.

Case No. 3:21-cv-00268-TMB
Decision and Order
Page 5 of 20

Case 3:21-cv-00268-TMB   Document 18   Filed 07/25/22   Page 5 of 20

The steps, and the ALJ's findings in this case, are as follows:

**Step 1.** Determine whether the claimant is involved in "substantial gainful activity" (SGA).[27] *The ALJ determined that Plaintiff had not engaged in SGA since November 1, 2018, the alleged onset date.*[28]

**Step 2.** Determine whether the claimant has a medically severe impairment or combination of impairments. A severe impairment significantly limits a claimant's physical or mental ability to do basic work activities and does not consider age, education, or work experience. The severe impairment or combination of impairments must satisfy the twelve-month duration requirement.[29] *The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, right shoulder impairment, and mood disorder.*[30] *The ALJ also found the following non-severe impairments: obstructive sleep apnea, hypertension, bilateral wrist pain, and obesity.*

**Step 3.** Determine whether the impairment or combination of impairments meet(s) or equal(s) the severity of any of the listed impairments found in 20 C.F.R.

---

[27] 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

[28] A.R. 241.

[29] 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

[30] A.R. 242.

pt. 404, subpt. P, app.1, precluding substantial gainful activity. If the impairment(s) is(are) the equivalent of any of the listed impairments, and meet(s) the duration requirement, the claimant is conclusively presumed to be disabled. If not, the evaluation goes on to the fourth step.[31] *The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.[32]*

Before proceeding to step four, a claimant's residual functional capacity ("RFC") is assessed.[33] Once determined, the RFC is used at both step four and step five. An RFC assessment is a determination of what a claimant is able to do on a sustained basis despite the limitations from his impairments, including impairments that are not severe.[34] *The ALJ determined that Plaintiff had the residual functional capacity to perform a full range of light work with following limitations: he is limited to thirty minutes of standing at one time for up to two hours; he is limited to thirty minutes of walking at one time for up to two hours; he is limited to two hours of sitting at one time for up to 7 hours in an 8 hour workday; he can*

---

[31] 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[32] A.R. 242.

[33] 20 C.F.R. § 416.945.

[34] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

*frequently push and pull with the right upper extremity; he can occasionally climb ramps and stairs, but can never climb ladders, ropers, or scaffolds; he can frequently balance; he can occasionally stoop, kneel, crouch, and crawl; he can occasionally reach overhead with his right upper extremity; he must avoid all unprotected heights and hazardous machinery; he is limited to routine, receptive tasks; and he may have no more than occasional contact with the public.*[35]

**Step 4.** Determine whether the claimant is capable of performing past relevant work. At this point, the analysis considers whether past relevant work requires the performance of work-related activities that are precluded by the claimant's RFC. If the claimant can still do his past relevant work, the claimant is deemed not to be disabled.[36] Otherwise, the evaluation process moves to the fifth and final step. *The ALJ determined that Plaintiff is unable to perform his past relevant work as a chemical operator II (DOT #558.685-062, medium, svp4, semi-skilled); pipeliner (DOT #877.684-126, heavy, svp5, skilled); fitter helper (DOT #801.687-014, heavy, svp3 semi-skilled); or laborer (DOT #939.687-018, very heavy, svp1, unskilled).*[37]

---

[35] A.R. 250.

[36] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[37] A.R. 250.

**Step 5.** Determine whether the claimant is able to perform other work in the national economy in view of his age, education, and work experience, and in light of the RFC. If so, the claimant is not disabled. If not, the claimant is considered disabled.[38] *The ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including assembler (DOT #729.687-010, light, svp2, unskilled); agricultural sorter (DOT #529.687-186, light, svp2, unskilled); and small products assembler (DOT #706.684-022, light, svp2, unskilled).[39]*

The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from November 1, 2018 through April 21, 2021, the date of the ALJ's decision.[40]

### III. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was born in 1972 and met the SSA definition of a "younger individual (age 18-49)" for the entire relevant period.[41] Plaintiff met the insured status

---

[38] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[39] A.R. 251.

[40] A.R. 251.

[41] A.R. 250.

requirements for DIB benefits through December 31, 2023.[42] Plaintiff applied for disability benefits on April 2, 2019.[43] On August 6, 2019, the Social Security Administration ("SSA") determined Plaintiff was not disabled under the applicable rules.[44] Plaintiff requested a hearing before an ALJ.[45] Plaintiff and his representative appeared telephonically at the administrative hearing on March 5, 2021.[46] Medical Expert ("ME") Jack Lebeau, M.D., psychological medical expert ("PME") Jay Toews, EdD, and vocational expert ("VE") Leta Berkshire also testified by telephone.[47] On April 21, 2021, the ALJ issued an unfavorable decision.[48] On October 12, 2021, the Appeals Council denied Plaintiff's request for review.[49] On December 13, 2021, Plaintiff appealed the Commissioner's final decision to this Court.[50]

---

[42] A.R. 241. In order to qualify for disability benefits under Title II, a claimant must have "insured status" and show his disability began by his date last insured. 42 U.S.C. §§ 423(a)(1), (c)(2), (d)(1)(A).

[43] A.R. 239, 514.

[44] A.R. 333.

[45] A.R. 340.

[46] A.R. 239.

[47] A.R. 266-271 (psychological medical expert testimony); A.R. 276-286 (medical expert testimony); A.R. 299-309 (vocational expert testimony).

[48] A.R. 251.

[49] A.R. 1.

[50] Docket 1.

Case No. 3:21-cv-00268-TMB
Decision and Order
Page 10 of 20

## IV. DISCUSSION

Plaintiff is represented by counsel in this appeal. Plaintiff seeks reversal and remand for immediate payment of benefits, or in the alternative, for further administrative proceedings.[51] Plaintiff argues: (1) the ALJ violated agency policy and the law of this District by having the MEs testify without the benefit of having heard either Plaintiff's testimony or a summary or Plaintiff's testimony; (2) the appointment of Andrew Saul as a single commissioner of SSA who was removable only for cause and would serve a longer term than that of the President violated separation of power; and (3) the ALJ and Appeals Council judges were not properly appointed, and therefore, had no legal authority to adjudicate this case.[52] The Commissioner disputes Plaintiff's claims and maintains the decision should be affirmed.[53] For the reasons explained below, the Plaintiff's request for relief is denied.

### A. Lack of Compliance with HALLEX I-2-6-70(b) is Not a Reversible Error

At the hearing, two medical experts testified prior to any testimony from plaintiff, and the ALJ did not provide the medical experts with a summary of plaintiff's testimony as he had not yet testified. The Social Security Administration's

---

[51] Docket 13 at 11.

[52] Docket 13 at 3.

[53] Docket 16.

internal policy manual section I-2-6-70(b) of the Hearing, Appeals, and Litigation Law Manual ("HALLEX"), provides:

> The ME may attend the entire hearing, but this is not required. If the ME was not present to hear pertinent testimony, such as testimony regarding the claimant's current medications or sources and types of treatment, the ALJ will summarize the testimony for the ME on the record.[54]

While Plaintiff is correct that the ALJ violated HALLEX, allegations of non-compliance with the HALLEX are not enforceable by the district court.[55] Plaintiff's assertion that a remand is required relies on two recent decisions by the Alaska District Court, *Steele v. Saul* and *Quick v. Saul;* the promulgation of Social Security Ruling ("SSR") 13-2p;[56] and Remand Orders from the Appeals Council (AC) in cases involving other applicants.[57]

With his Opening Brief, Plaintiff provided redacted Orders from the Appeals Council (AC) remanding an ALJ's decision based on noncompliance with HALLEX

---

[54] HALLEX I-2-6-70(b)(S.S.A.), 1993 WL 751901.

[55] *See Roberts v. Comm'r of Soc. Sec. Admin.,* 644 F.3d 931, 933 (9th Cir. 2011) ("HALLEX . . . does not carry the force of law and is not binding upon the agency. Therefore, we do not review allegations of non-compliance with its provisions.") (internal quotations and citations omitted); *Lockwood v. Comm'r Soc. Sec.,* 616 F.3d 1068, 1072 (9th Cir. 2010) ("HALLEX does not impose judicially enforceable duties on either the ALJ or this court.") (internal citations omitted).

[56] SSR 13-2p, 2013 WL 603764, provides, in pertinent part, that "[w]e require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rulings (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX)."

[57] Docket 13 at 6.

in cases involving other applicants for disability benefits.[58] "The differences between courts and agencies are nowhere more pronounced than in Social Security proceedings."[59] The AC is the last administrative decisional level[60] and was established to oversee the hearings and appeals process and promote national consistency in hearing decisions.[61] The AC "may review cases to correct anything from 'error[s] of law' to 'broad policy or procedural issue[s] that may affect the general public interest.'"[62] This "decidedly pro-claimant, inquisitorial process is quite unlike an adversarial suit in which parties are expected to identify, argue, and preserve all issues."[63] Therefore, as we have noted in other cases, "[t]he Court is not persuaded that an Appeals Council decision in another case requires automatic remand on the basis of HALLEX I-2-70B."[64] Furthermore, Plaintiff specifically addressed the ALJ's violation of HALLEX in his Representative's Brief

---

[58] Docket 13-1.

[59] *Sims v. Apfel,* 530 U.S. 103, 110 (2000).

[60] If the Social Security Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's "final decision." If, however, the Council denies the request for review, the ALJ's opinion becomes the final decision. 42 U.S.C.A. § 405(g); 20 C.F.R. §§ 404.900(a)(4)–(5), 404.955, 404.981, 422.210(a).

[61] *Brief History and Current Information about the Appeals Council,* SSA, https://www.ssa.gov/appeals/about_ac.html, last visited July 14, 2022.

[62] *Id.* (quoting 20 CFR § § 404.970(a).

[63] *Carr v. Saul,* 141 S. Ct. 1352, 1363 (2021) (Thomas, concurring in part).

[64] *Aaron A.M. v. Saul,* Case No. 4:20-cv-00009-SLG, 2021 WL 1269894, at *14 n. 145 (D. Alaska Apr. 6, 2021).

to the AC.[65] The AC "considered the reasons and… found the reasons do not provide a basis for changing the [ALJ's] decision."[66] The Court agrees.

Plaintiff also claims SSR 13-2p and the "law of this District" require a remand for violations of Agency policy.[67] In support of his position, Plaintiff points to two recent decisions by the Alaska District Court, *Steele v. Saul* and *Quick v. Saul*.[68] Unfortunately, Plaintiff's reliance on these cases is misplaced and ignores the subsequent case law.

While both *Steele v. Saul* and *Quick v. Saul* found the ALJ erred by allowing the medical experts to testify before the claimant, both cases were remanded for multiple reasons[69] and neither explicitly dealt with whether HALLEX imposes judicially enforceable duties or whether Plaintiff's reliance on SSR 13-2p was

---

[65] A.R. 617.

[66] A.R. 1.

[67] Docket 13 at 3.

[68] *Steele v. Saul,* 520 F.Supp.3d 1198 (D. Alaska Feb. 19, 2021); *Quick v. Saul,* 520 F.Supp.3d 1190 (D. Alaska Feb. 19, 2021).

[69] *Steele,* 520 F.Supp.3d 1198 (remanding because there was not substantial evidence to support the classification of claimant's past relevant work and this error was not harmless; ALJ's reasons for rejecting opinion of doctors who opined that claimant was impaired were not supported by substantial evidence; and further development of record was necessary); *Quick,* 520 F. Supp. 3d at 1195-96 (remanding because neither of the two testifying medical experts was qualified to opine about development of a specific condition; one of the experts should not have even been permitted to testify as a medical expert because her medical license was revoked prior to the hearing and she was terminated from the Panel of Consultative Examiners; and there was evidence to support a mental health condition the ALJ did not consider an impairment).

misplaced.[70] Further, in subsequent cases, the Court explained, "[b]ased on the arguments defendant has raised in [these cases], arguments that were not raised in *Steele* or *Quick*, the court must conclude that the ALJ was not required to comply with HALLEX 1-2-6-70(b). Even after the promulgation of SSR 13-2p, the Ninth Circuit has plainly continued to take the position that the HALLEX does not create judicially enforceable duties."[71]

SSR 13-2p is a policy clarifying how the SSA determines "whether 'drug addiction and alcoholism' (DAA) is material to [SSA's] determination of disability."[72] As other district courts in the Ninth Circuit have held, SSR 13-2 is not binding here because Plaintiff is not claiming the ALJ improperly applied the drug and alcohol

---

[70] SSR 13-2p, 2013 WL 603764, is a policy clarifying how the SSA determines "whether 'drug addiction and alcoholism' (DAA) is material to [SSA's] determination of disability." As other district courts in the Ninth Circuit have held, SSR 13-2 is not binding here because Plaintiff is not claiming the ALJ improperly applied the drug and alcohol dependence factors. *See, e.g., Kathleen v. Saul,* Civ. No. 3:19-cv-00651-JLS-RNB, 2020 WL 353602, at *8 (S.D. Cal. Jan. 21, 2020) ("As Plaintiff does not claim the ALJ improperly applied the Plaintiff's drug or alcohol dependence in his disability determination, SSR 13-2p is not binding.") (citing *Martinez v. Colvin,* Civ. No. 6:14-cv-01703-MC, 2016 WL 270911, at *5 (D. Or. Jan. 20, 2016) ("Plaintiff made no claims that there were misinterpretations of policies relating to drug addiction and alcoholism in this case. Therefore, SSR 13-2p is inapplicable here and does not change this Court's application of *Lockwood.*"); *Hollen v. Comm'r of Soc. Sec.*, 2017 WL 1075194, at *8-*9 (S.D. Cal. Mar. 22, 2017) ("[A]s SSR 13-2p does not mandate the ALJ follow HALLEX procedures, the ALJ did not err by refusing to summarize Plaintiff's subjective testimony for the ME.").

[71] *Aaron A.M. v. Saul,* No. 4:20-CV-00009-SLG, 2021 WL 2292788, at *1 (D. Alaska June 4, 2021) (denying motion to alter judgment) (citing *Lehman v. Saul,* Case No. 3:20-cv-00184-HRH, 2021 WL 1232670, at *9–10 (D. Alaska April 1, 2021)*. See also Ryan Allen C. v. Kijakazi*, No. 3:20-CV-00220-SLG, 2021 WL 5139476, at *7 (D. Alaska Nov. 4, 2021); *Donna K. v. Kijakazi,* No. 3:20-CV-00286-JMK, 2022 WL 902463, at *1 (D. Alaska Mar. 28, 2022)*.

[72] SSR 13-2p, *available at* 2013 WL 603764.

dependence factors. Moreover, as previously stated, even after SSR 13-2p was enacted, the Ninth Circuit has continued to hold that the SSA's internal policy manuals such as HALLEX do not give rise to legally enforceable rights.[73]

Even if the Court were to find the HALLEX judicially enforceable, the ALJ's noncompliance here was harmless. In this case, Plaintiff's arguments are all procedural in nature. Plaintiff's Opening Brief specifically concedes, "due to the nature of [Plaintiff's] arguments, a detailed summary of the medical evidence is not necessary."[74] Nowhere does Plaintiff cite to any specific harm that he suffered because the ALJ did not comply with HALLEX I-2-6-70(b). Additionally, the Courts review of the entire record revealed the ALJ's decision was supported by substantial evidence. Therefore, in this case, a remand is not warranted based on the ALJ's alleged error in having the medical experts testify before Plaintiff testified.

B. The Unconstitutional Removal Provision Does Not Require a Remand

Plaintiff argues that he is entitled to a new hearing before a new ALJ because the ALJ's delegation of authority came from the Commissioner, whose appointment was constitutionally defective pursuant to United States Supreme Court

---

[73] *See, e.g.*, *Wilson v. Berryhill*, 732 F. App'x 504, 507 (9th Cir. 2018); *Withrow v. Colvin*, 672 F. App'x 748, 749 (9th Cir. 2017); *Whitten v. Colvin*, 642 F. App'x 710, 713 (9th Cir. 2016); *Durden v. Colvin*, 546 F. App'x 690, 690-91 (9th Cir. 2013). A court or litigant may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

[74] Docket 13 at 3.

precedent.[75] Since this appeal was filed, the Ninth Circuit addressed and rejected a nearly identical constitutional challenge.[76]

In *Kaufmann v. Kijakazi*, the Ninth Circuit acknowledged that the Removal Provision in 42 U.S.C. § 902(a)(3) "violates separation of powers principles and must be severed from the statute."[77] However, applying *Collins v. Yellen* in the specific context of a social security disability case, the *Kaufmann* court held that "unless a claimant demonstrates actual harm [from the unconstitutional provision], the unconstitutional provision has no effect on the claimant's case."[78]

A review of Plaintiff's Reply Brief, filed after *Kaufmann* was decided, is telling; Plaintiff did not respond to any of Defendant's arguments regarding Plaintiff's inability to show he suffered any actual harm from § 902(a)(3)'s unconstitutional removal provision. Indeed, the Court finds that Plaintiff failed to address the relevant test at all.

Instead, Plaintiff bases his argument on *Carr v. Saul*.[79] The petitioners in *Carr* argued that under *Lucia v. S.E.C.,* they were entitled to new hearings before

---

[75] Docket 13 at 3.

[76] *Kaufmann v. Kijakazi,* 32 F.4th 843 (9th Cir. 2022).

[77] *Id.* at 846.

[78] *Id.* at 849–50 (citing *Collins*, 141 S. Ct. 1761, 1788-89 (2021)).

[79] Docket 17 at 7 (citing *Carr v. Saul,* 141 S. Ct. 1352 (2021)).

different ALJs because the ALJs who originally heard their cases were not properly appointed under the Appointments Clause of the U.S. Constitution.[80] The Commissioner argued petitioners forfeited their Appointments Clause challenges by failing to make them first to their respective ALJs. The Supreme Court decided the petitioners did not forfeit their claims.[81]

Unlike Appointments Clause defects, where the presiding official does not enjoy proper authority to occupy the office,[82] *Collins* explained that "settled precedent … confirms the unlawfulness of [a] removal provision does not strip [an official] of the power to undertake the other responsibilities of his office."[83] Thus, a party challenging an agency's past actions must instead show how the unconstitutional removal provision *actually harmed* the party.[84]

Plaintiff has not sufficiently alleged any actual, particularized harm and tied it to the unconstitutional statutory removal restriction in the Social Security Act, and nothing in the record suggests any link whatsoever between the removal provision

---

[80] 138 S. Ct. 2044 (2018).

[81] *Carr,* 141 S. Ct. at 1354 (holding the Courts of Appeals erred in imposing an issue-exhaustion requirement on petitioners' Appointments Clause claims).

[82] *See Lucia,* 138 S. Ct. at 2044 (holding when the ALJ overseeing Petitioner's claim was not constitutionally appointed at the time he conducted the hearing, Petitioner is entitled to remand for a hearing before a constitutionally-appointed ALJ and a new decision on her claim).

[83] *Collins,* 141 S. Ct. at 1788 n. 23 (citing *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2207-2211 (2020).

[84] *Kaufmann,* 32 F. 4th at 849.

and Plaintiff's case.[85] Accordingly, the Court declines to remand the case for a new hearing on this basis.

### C. Substantial Evidence Supports the ALJ's Decision

A district court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision.[86] Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record."[87] Here, the decision is supported by substantial evidence, and finding no legal error, the Court affirms.

## V. CONCLUSION

The Court, having carefully reviewed the administrative record, finds that the ALJ's determinations were free from legal error and supported by substantial evidence. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request for relief

---

[85] *See, e.g.*, *Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring in part) (opining that "I doubt the mass of [Social Security Administration] decisions—which would not concern the President at all—would need to be undone" because "[w]hen an agency decision would not capture a President's attention, his removal authority could not make a difference"); *Ramos v. Comm'r*, Case No. 1:20-cv-01606-EPG, 2022 WL 105108, at *3–4 (E.D. Cal. Jan. 11, 2022) (collecting cases and concluding that the claimant "has not shown any connection between the denial of benefits and the unconstitutional removal provision").

[86] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

[87] *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

at Docket 13 is **DENIED**; the Commissioner's final decision is **AFFIRMED**.

IT IS SO ORDERED this 25th day of July, 2022, at Anchorage, Alaska.

_/s/ Timothy M. Burgess_
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE